**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
JUANISHIA LEE,                      )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )  Case No. 15-cv-01802 (APM)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
    Defendant.                      )
_____ )

**MEMORANDUM OPINION**

I.

This matter is before the court on Plaintiff Juanishia Lee's Second Motion for Attorneys' Fees under the Individuals with Disabilities Education Act ("IDEA"). This court previously granted in part and denied in part Plaintiff's initial motion for attorneys' fees and awarded Plaintiff $77,616.50 in attorneys' fees and costs for her counsel's successful representation of her minor child, J.K., during administrative proceedings and in the instant litigation. *See generally Lee v. District of Columbia*, No. 15-cv-1802, 2018 WL 400754 (D.D.C. Jan. 12, 2018). In her Second Motion, Plaintiff seeks an award of "fees-on-fees," i.e., the attorneys' fees she incurred in litigating her initial fees petition.

Plaintiff contends that she is entitled to $19,884.83 in fees-on-fees. In particular, Plaintiff seeks reimbursement at 75% of the USAO Matrix hourly rate, which this court applied in calculating her fees award associated with the underlying merits litigation. Defendant District of Columbia does not contest the number of hours spent by Plaintiff's counsel, but does oppose Plaintiff's proposed hourly rates. Defendant asserts that the court should only award Plaintiff fees

at 50% of the USAO Matrix rates applicable to her counsel at the time the services were performed. Thus, according to Defendant, Plaintiff is entitled to no more than $8,790.70 in fees-on-fees.[1]

After considering the parties' submissions and the relevant law, the court grants in part and denies in part Plaintiff's Second Motion for Attorneys' Fees, and awards Plaintiff $19,361.63 in fees-on-fees.

II.

Under the IDEA, a "court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). As relevant here, the IDEA also allows "[p]arties who prevail at the administrative level [to] recover *fees-on-fees* . . . for time reasonably devoted to obtaining attorney's fees." *McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 153 (D.D.C. 2017) (alterations in original) (emphasis added) (quoting *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006)); *see also Jones v. District of Columbia*, 153 F. Supp. 3d 114, 118 (D.D.C. 2015) ("The availability of reasonable attorneys' fees applies to fees incurred in IDEA litigation both before administrative agencies and in federal court, as well as to fees incurred to vindicate a plaintiff's right to fees.").

In its previous decision granting in part Plaintiff's initial motion for attorneys' fees and costs, this court outlined the relevant legal standards governing motions for attorneys' fees brought

---

[1] Defendant's opposition leaves to the imagination how it arrived at this calculation. *See generally* Def.'s Opp'n to Pl.'s Mot. for Attorney's Fees & Costs, ECF No. 30 [hereinafter Def.'s Opp'n]. Applying "50% of the USAO Matrix rate[s] applicable . . . [at] the time the services were performed," as the District requests, *see id.* at 3, would yield a total award that exceeds the $8,790.70 award proposed by the District. *See generally* Pl.'s Second Motion for Attorneys' Fees, ECF No. 29, Ex., Combined Atty Fee Invoice, ECF No. 29-3; USAO Attorney's Fees Matrix — 2015–2018, U.S. Dep't of Justice, https://www.justice.gov/usao-dc/file/796471/download (last visited Apr. 6, 2018); Def.'s Opp'n at 2 n.1 (citing the current USAO Matrix). The District's proposed award is therefore perplexing, given that the District does not dispute the number of hours spent by Plaintiff's counsel. *See generally* Def.'s Opp'n. Quite simply, the District's math doesn't add up. Thus, the court only addresses the District's principal argument regarding the 50% rates and ignores its proposed calculation, which finds no support in the record evidence.

pursuant to the IDEA's fee-shifting provision, *see generally Lee*, 2018 WL 400754, and the court need not repeat those standards in detail here. As noted above, the parties dispute the "reasonable hourly rate" that should be used to calculate Plaintiff's award of attorneys' fees, which "turns on three sub-elements: (1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skill, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'" *Reed v. District of Columbia*, 843 F.3d 517, 521 (D.C. Cir. 2016) (quoting *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015)).

III.

In this case, Plaintiff seeks an award of fees-on-fees for the services of three lawyers: Carolyn Houck, Charles Moran, and Stevie Nabors. Pl.'s Reply to Def.'s Opp'n to Pl.'s Second Mot. for Attorneys' Fees, ECF No. 31 [hereinafter Pl.'s Reply], Ex., Updated Statement of Account, ECF No. 31-1 [hereinafter Updated Invoice]. Houck is a solo practitioner in St. Michaels, Maryland, and Moran and Nabors are with the law firm of Moran & Associates located in Washington, D.C. *Lee*, 2018 WL 400754, at *3. Plaintiff also seeks an award for the services of Joseph Golinker, a law clerk at Moran & Associates. *See* Pl.'s Second Mot. for Attorneys' Fees, ECF No. 29 [hereinafter Pl.'s 2d Mot.], Ex., Decl. of Joseph Golinker, ECF No. 29-4 [hereinafter Golinker Decl.]. The court already addressed the evidence supporting these attorneys' billing practices, as well as their skill, experience, and reputation, in its previous decision.[2] *See generally Lee*, 2018 WL 400754, at *5–6. Thus, only the last, and perhaps most important, sub-element is at issue here—the prevailing market rate in the relevant community.

---

[2] The court did not address the billing practices of Moran & Associates with respect to *law clerks*, or the skill, experience, or reputation of Golinker in its previous decision. *See generally Lee*, 2018 WL 400754, at *5–6. Golinker worked for Moran & Associates as an intern during law school and continued on as a law clerk after graduating. Golinker Decl. ¶ 6. He attests that he has five years of "combined experience in special education teaching, law, and advocacy," *id.* ¶ 7, and that while not barred in the District of Columbia, he is a member of the New Mexico bar, *id.* ¶ 8. As with Moran and Nabors, Golinker states that Moran & Associates "customarily" bills his time at USAO matrix paralegal rates, *id.* ¶ 9, but offers no more specifics about the firm's billing practices. Defendant raises no objection

3

According to Plaintiff, the prevailing market rates for the underlying merits litigation and fees-on-fees are the same in the IDEA context. *See* Pl.'s 2d Mot., Pl.'s Mem. of Points & Authorities in Supp. of Pl.'s Second Mot. for Attorneys' Fees, ECF No. 29-1 [hereinafter Pl.'s Mem.], at 1–2. Thus, because the court applied 75% of the USAO Matrix rates to calculate the attorneys' fees associated with work performed in the underlying litigation, Plaintiff asks the court to apply the same rates to calculate her fees-on-fees. *See id.* Defendant, on the other hand, urges the court to award Plaintiff "fees at 50% of the USAO Matrix rate applicable to Plaintiff's attorney[s'] years of practice for the time the services were performed." Def.'s Opp'n to Pl.'s Mot. for Attorney's Fees & Costs, ECF No. 30 [hereinafter Def.'s Opp'n], at 3. In the main, Defendant asserts that the prevailing market rate for fees-on-fees is only 50% of the USAO Matrix rate, because "litigation to obtain fees related to substantive IDEA actions is straightforward" and "involv[es] no complicated issues or extensive preparation." *Id.* at 2. The court disagrees with Defendant.

This court recently rejected the same argument made by the District here in *James v. District of Columbia*, No. 14-cv-2147, 2018 WL 1461899 (D.D.C. Mar. 23, 2018). In *James*, the court noted that while the D.C. Circuit "'has yet to determine whether all aspects of IDEA litigation should be treated as a unified whole, subject to the same prevailing market rate,' . . . courts in this jurisdiction have concluded that 'a successful fee applicant seeking fees-on-fees [need not] demonstrate anew the reasonableness of her proposed rate for time expended in her successful fee application.'" *Id.* at *11 (second alteration in original) (first quoting *Reed*, 843 F.3d at 526; then

---

to Golinker specifically; instead, Defendant simply argues that 50% of the USAO Matrix rates at the time the services were performed should apply across the board, including to Golinker. *See* Def.'s Opp'n.

4

quoting *McNeil*, 233 F. Supp. 3d at 154).[3]  In declining to apply the lower 50% rate to fees-on-fees, the court found all of the cases cited by the District to be unpersuasive, as they were decided before the D.C. Circuit's decision in *Reed*. *Id.*; *see also Reed*, 843 F.3d at 527 (holding that the district court "did not abuse its discretion in applying the same rate for fees for the administrative proceedings and fees-on-fees in light of [the plaintiffs'] failure to submit evidence of any meaningful difference between these two types of litigation").  The court in *James* also reasoned that the record evidence failed to support "any meaningful difference in the market rate for substantive work as opposed to fees-on-fees," and if anything, suggested that "there [wa]s no [such] difference." *James*, 2018 WL 1461899, at *11.  The same is true in this case.  Thus, as in *James*, the court will not require Plaintiff to "demonstrate anew" the reasonableness of the rate she proposes.  Instead, the court will apply the same prevailing market rate (75% of the USAO Matrix rate) to calculate Plaintiff's fees-on-fees.  "To hold otherwise would 'increase the burden on the courts and unnecessarily protract the litigation without advancing the goals of IDEA.'"  *Id.* at *12 (quoting *McNeil*, 233 F. Supp. 3d at 155).

The court's holding, however, is subject to one caveat.  In her motion, Plaintiff states that "[t]he Court has already determined the appropriate rate for [her] counsel is 75% of the matrix rates, and [she] does not seek an adjustment from that determination for her fees on fees."  Pl.'s Mem. at 1–2.  A careful examination of Plaintiff's counsel's invoice, however, reveals that her counsel billed at 75% of the *current* USAO Matrix rates for the 2017–2018 year, and not 75% of the USAO Matrix rates that this court applied in its previous decision.  *Compare* Updated Invoice; Updated USAO Matrix, *with Lee*, 2018 WL 400754, at *3, *8 (applying rates for the 2015–2016

---

[3] To be sure, the D.C. Circuit *has* treated "different aspects of IDEA litigation as one proceeding, holding that the fee cap provision 'encompasses both administrative proceedings and subsequent fee requests.'"  *Shaw v. District of Columbia*, 253 F. Supp. 3d 267, 268 (D.D.C. 2017) (quoting *Kaseman*, 444 F.3d at 643); *accord Reed*, 843 F.3d at 526–27 (same).

5

year). Yet Plaintiff has offered no reason why the court should apply only the current USAO Matrix rates to the entirety of the fees petition work. The court therefore declines to do so here. Instead, the court will only apply the USAO Matrix rates applicable at the time the underlying fees petition work was performed. *See* Def.'s Opp'n at 3. Because *some* of the services were performed between June 1, 2016, and May 31, 2017, *see* Updated Invoice; Updated USAO Matrix (noting that the hourly rates for each year are measured from June 1st to May 31st), the court will apply 75% of the USAO Matrix rates for the 2016–2017 year to calculate the fees award as to those services.

Finally, to the extent Defendant argues that the court should apply its proposed 50% of the USAO Matrix rates "to account for [Plaintiff's] limited success" in litigating her initial fees petition, *see* Def.'s Opp'n at 3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)), the court rejects that argument in this case. True, in *Hensley*, the Supreme Court explained that if a prevailing party "achieve[s] only partial or limited success," then the district court has discretion to exercise its equitable judgment to "identify specific hours that should be eliminated, or . . . simply reduce the award to account for limited success." 461 U.S. at 434, 436–37. And, "[c]ourts in this District have concluded that awards of 'fees on fees' should be reduced to exclude the amount of time spent unsuccessfully defending fee requests denied by the court." *Am. Immigration Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 413 (D.D.C. 2015). But in this case, Defendant has wholly failed to explain why it would be appropriate for the court to exercise its equitable discretion to reduce Plaintiff's fees award to account for any "limited success."

Indeed, other than a summary of the Supreme Court's decision in *Hensley*, Defendant offers no argument whatsoever regarding the degree of Plaintiff's success in litigating her initial fees petition. *See* Def.'s Opp'n at 2–3. For example, Defendant offers no reason to support its

6

proposed 50% reduction to the USAO Matrix rates *themselves*. *Cf. Hensley*, 461 U.S. at 436–37 (noting that courts have discretion to "identify specific hours that should be eliminated," or "simply reduce the award to account for limited success"). Nor does Defendant explain why it believes Plaintiff was partially successful. Notably, Defendant makes no attempt to rebut Plaintiff's assertion that she achieved success by securing over $8,000 more than what the District offered her to settle the fees dispute *after* her counsel had devoted significant time to briefing her initial fees petition. *See* Pl.'s Mem. at 3–4; *cf.* Pl.'s Reply at 2. Accordingly, the court finds it inappropriate to reduce Plaintiff's fees-on-fees award to account for limited success in this case. *Cf. Am. Immigration Council*, 82 F. Supp. 3d at 414 ("Here, although the Court has not accepted Plaintiff's fee request on the underlying litigation *in toto*, it will not, as a consequence, further reduce Plaintiff's fees-on-fees request.").

In sum, the court will award fees-on-fees at 75% of the USAO Matrix rates applicable at the time the fees petition work was performed. Plaintiff will recover $14,605.88 for the work performed by Carolyn Houck and $4,755.75 for the work performed by Moran & Associates, bringing Plaintiff's total fees award to $19,361.63. The total fees award is summarized below:

|  | Hours | Period/Applicable USAO Matrix rate | 75% Rate | Subtotal |
|---|---|---|---|---|
| Houck's Attorney Work | 32.8 | $543 (2016–2017) | $407.25 | $13,357.80 |
| Houck's Paralegal Work | .2 | $157 (2016–2017) | $117.75 | $23.55 |
| Houck's Attorney Work | 2.9 | $563 (2017–2018) | $422.25 | $1,224.53 |
|  |  |  |  |  |
| Moran's Attorney Work | 4 | $581 (2016–2017) | $435.75 | $1,743 |
| Moran's Attorney Work | 4.8 | $602 (2017–2018) | $451.50 | $2,167.20 |
|  |  |  |  |  |
| Golinker's Paralegal Work | 1.6 | $164 (2017–2018) | $123 | $196.80 |
|  |  |  |  |  |
| Nabors' Attorney Work | 2.5 | $346 (2017–2018) | $259.50 | $648.75 |

IV.

For the foregoing reasons, the court grants in part and denies in part Plaintiff's Second Motion for Attorneys' Fees and awards $19,361.63 in attorneys' fees under the IDEA. A separate Order accompanies this Memorandum Opinion.

Dated: April 6, 2018

Amit P. Mehta
United States District Judge